# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

SAMANTHA A. BURR, )
                           )
      Plaintiff, )
                           )
v. )       No. 4:25-CV-00473-DGK-SSA
                           )
FRANK BISIGNANO, )
Commissioner of Social Security, )
                           )
      Defendant. )

## <u>ORDER AFFIRMING THE COMMISSIONER'S DECISION</u>

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Samantha A. Burr's applications for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including cervical spine degenerative changes, lumbar degenerative changes, sacroiliac degenerative changes, right hip degenerative changes, chronic combined systolic and diastolic heart failure, non-ischemic cardiomyopathy, PVCs, mitral valve prolapse with regurgitation, abdominal aortic aneurysm without rupture, Marfan's syndrome, migraines, major depressive disorder, generalized anxiety disorder, borderline personality disorder, and post-traumatic stress disorder. But the ALJ found that she retained the residual functional capacity ("RFC") to perform sedentary work with certain restrictions, including work as a bonder, polisher, and final assembler.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs and SSI on March 20, 2023, alleging a disability onset date of September 26, 2018. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed to an ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's review request on April 25, 2025, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

2

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's assessment at Step Four. Plaintiff argues that the ALJ erroneously discounted her allegations of disabling limitations from her migraines. Plaintiff also argues that by ignoring her complaints when she proceeded pro se at the hearing, he failed to adequately develop the record on this issue. Defendant argues that the ALJ properly discounted her allegations of disabling limitations in part because the record showed that her migraines improved with treatment.

Plaintiff's arguments have no merit. Throughout her brief, Plaintiff states and implies that the ALJ abdicated his duty to develop the record. That could not be further from the truth. The ALJ wrote one of the most thorough and well-supported opinions the Court has reviewed. In his fifteen-page, single-spaced opinion, the ALJ carefully reviewed *all* of Plaintiff's many impairments and the record evidence that supported any limitations. The ALJ carefully analyzed her allegations, the objective medical evidence, her activities of daily living, and the medical opinion evidence before finding that she had many functional limitations but was not disabled. On

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

the migraines issue, the ALJ dedicated an entire paragraph that analyzed the objective medical evidence, her allegations and testimony about migraines, and her response to treatment. That is more than enough to satisfy his duty to develop the record, even though Plaintiff proceeded pro se at the hearing. *See Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) ("The ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." (internal quotation marks omitted)).

After conducting a thorough analysis, the ALJ ultimately concluded that although Plaintiff's migraines supported some additional functional limitations, they were not disabling. R. at 27. Substantial evidence supports that conclusion. While the record demonstrates that Plaintiff has suffered from migraines over the years, the record evidence and Plaintiff's testimony shows that medication has helped control that issue. At times, Benadryl helped with her migraines. R. at 108, 113–14, 122, 127–28, 138, 143, 153, 416. And closer to the hearing in this case, Plaintiff started receiving Botox injections. After a few treatments, she reported that Botox was helping with her migraines. R. at 1582, 1604, 1653, 1758. And at the hearing, Plaintiff stated the same. R. at 70. Improvement with treatment is a valid basis for the ALJ to discount a claimant's allegations of disabling limitations. *See Hensley v. Colvin*, 829 F.3d 926, 933–34 (8th Cir. 2016).

Plaintiff largely sidesteps this evidence and argues that the ALJ erred by failing to acknowledge other evidence that suggests she was more limited. But this argument ignores the law. The ALJ is not required to discuss "every conflicting shred of medical evidence" in his decision. *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (internal quotation marks omitted). More fundamentally, Plaintiff's entire argument on this front invites the Court to do what it cannot: reweigh the evidence. *See Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019). And although Plaintiff

disagrees with the ALJ's weighing of the evidence, the ALJ's decision was within the zone of choice. *See Buckner*, 646 F.3d at 556.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 7, 2026          /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT